**SOSKEL, et ux v. JOHN ELLIOTT
BLOOD BANK OF DADE COUNTY, Inc.**
No. 67-9702.
Circuit Court, Dade County.
June 11, 1968.

Spence, Payne & Masington, Miami, and Joe Unger, Miami Beach, for plaintiffs.

Hawkesworth & Kay and C. J. Van Delinder, all of Miami, for defendant.

RAYMOND G. NATHAN, Circuit Judge.

*Final summary judgment on the issue of liability:* This cause having come on before me upon motion of each party for summary judgment on the issue of liability, the parties have stipulated to the following facts, for purposes of these motions—

(1) At all times material to this action, the plaintiffs, Sheila Soskel and Seymour Soskel, were and are husband and wife.

(2) The defendant, John Elliott Blood Bank of Dade County, Inc. sold two units of blood to Seymour Soskel for use by his wife, Sheila Soskel, in June, 1966.

(a) Said sale was made pursuant to an order from plaintiff's treating physician, who was not an agent, servant, or employee of defendant.

(3) Said two units of blood were transfused into Sheila Soskel on June 23, 1966, while she was a patient in Baptist Hospital, in Dade County.

(4) Sheila Soskel contracted viral hepatitis from either or both of said units of blood because of the presence of the hepatitis virus therein.

(5) The defendant used due and proper care in —

(a) The selection of the donors;

(b) The manner and method of withdrawing blood from the donors;

(c) The manner and method of processing, storing, transferring, and transmitting the blood in question to the Baptist Hospital for use by the plaintiff, Sheila Soskel.

(6) The defendant used due and proper care in all respects.

(7) In the state of the medical art in June, 1966, there was no known method for detecting the presence of the hepatitis virus in blood, nor any method to treat blood so as to eliminate the virus without otherwise contaminating the blood, or rendering it unsalable.

The court being fully advised in the premises herewith determines that defendant as seller of a product meant for infusion into the body is held strictly liable, without fault, for such damages as plaintiffs may have sustained as a consequence of infusion of the product. This strict liability exists notwithstanding defendant may have used due and proper care in all respects; and further, notwithstanding at the time of sale and infusion of the blood, its harmful effects might not have been known by defendant or susceptible of discovery by the reasonable application of human skill and foresight.

The pleadings, admissions, affidavits and stipulation establishing that there is no genuine issue as to any material fact, and the plaintiffs being entitled to a judgment on the issue of liability as a matter of law, it is thereupon ordered and adjudged that — (1) Defendant's motion for summary judgment be and the same is hereby denied. (2) Plaintiffs' motion for summary judgment be and the same is hereby granted, and judgment is herewith entered for plaintiffs on the issue of liability. (3) This court retains jurisdiction for a trial on the issue of damages.